The Board violated G+, procedural rights when it found that the 130 patent was anticipated by Quok based on an argument that was raised at the first time at the oral hearing. G+, argued below, that elements 1c and 1d were not disclosed in the alleged... Mr. Lamberthus, let me ask you. You've raised two arguments on the field. One, the due process contention, and then basically what we'll call substantial evidence contention. Leaving aside for the moment the due process argument, assume that wasn't in the case, Does the case on the evidence before the Board simply come down to the question of whether figure 40-40, figure 40-4 in Quok represents a comb structure, or is a comb structure? That's the whole case, isn't it? Is it not leaving aside the due process issue? Well, it is a crucial part of the case, except for the following issues. Number one, the Board didn't resolve the effect of the comb structure, and whether or not that rebutted anticipation. And secondly, very importantly for the substantial evidence issue, the record is incomplete on whether or not there is a comb structure, because the new argument which was raised at the hearing is one which affects whether there can be anticipation with respect to other elements as well. I'm confused. Was there not testimony about whether figure 44 shows a comb structure? There was testimony, yes, in both directions on that. No. Yes. But there was – but the issue with the new argument, Your Honors, is when Samsung comes to the hearing and says may, means that a feature connoted by the word may is optional. What Samsung did is it undermined the remainder of its anticipation arguments, because as we pointed out in our opening brief, figure 1 – excuse me, element 1A, for example, is relied on by Samsung as being presented by – supported by evidence which the specification says may be present. But, I mean, I think I understand your argument, but candidly speaking only for myself, I'm not buying it. I mean, the substantial evidence argument that you can – you have to use may both the same way. Nothing in our cases supports there. And we have plenty of cases. There's – I don't know the names off the top of my head. But, yeah, may can establish an anticipation if it may do it at some point. And you're trying to use may in another context as being inconsistent with that. It just doesn't make any sense. Your Honor, I believe that the issue of may was litigated inconsistently by Samsung. Samsung indicated that features disclosed with may are optional when it comes to a comb structure which would negate their anticipation argument. They say with may, that means it's optional. And then they say for – Well, okay, but is there something wrong with that? May means that may not, and therefore you're not defeated by 44 even if it may use comb structure in some regards. It doesn't need to. Is that analysis not solid? Well, just may in its use in that one period could be read either way. It could be read that there's an optional feature and it's either present or it's not present. But remember, the specification says that figure 44 may include the structure of figure 33. Figure 33 has a comb structure in it, and it has 12 subcarriers in it as well. But it may not. May means may does not have to. You've got a double may here. You've got a – the specification uses the word may twice, both with respect to figure 43 and with respect to figure 44. And with respect to 43, it says it may include the comb structure of figure 38. And then when it gets to 44, it says you may use the structure of 43. Right? It does say may. There is, as counsel said at the hearing, a daisy chain of mays, which he said for the first time at the hearing. That was never presented before, and that's where our due process argument comes into play. If this was an argument of Samsung's, it should have been in the papers. In their papers, they said there's no comb structure in figure 44. They said there's no comb structure in figure 43. They said their experts said because there's no comb structure shown in the figure, that means it's not there. They came to the hearing and said it may be there. They said that figure 43 – No, no, no. That's not, I think, what they said. It's not that that may be in figure 44. It may be that even though figure 44 doesn't show a comb structure, there may be – you may use the comb structure of 43. No, Your Honor, that's not correct. They said that figure 44 may include the structure of figure 43, and that is straight out of the specification. They said figure 43 may use the comb structure of figure 38. Now, figure 43 shows a comb structure, so figure 43 uses a comb structure. And then they relied on figure 43 in discussing the features of figure 44 throughout their petition. They said that figure 44 has 12 subcarriers. It found those subcarriers in the structure of figure 43. So Samsung agreed that figure 44 includes some structure from figure 43, but they said, well, only the structure that helps us. So we'll take the 12 subcarriers, but we'll ignore the comb structure. So Samsung, at the hearing, introduced this – Did your witness say that the depiction of figure 44 showed a comb structure? No. I didn't think so. It doesn't. No, it doesn't. It also doesn't show 12 subcarriers, which Samsung says are present. So you don't read the figure. The figure itself is probably just disclosing the new elements that figure 44 is depicting. The CS indexes, for example, are additional structure that figure 44 is bringing in. It need not show everything that's in all of the prior structures which are incorporated therein. And so the fact that it's not disclosed or shown there doesn't mean it's not part of the embodiment. Back to the APA allegations you're making. At Red Law No. 32, they cite to the trial the – what's it called? The guidance, the PTAB consolidated trial practice guidance. And it says – the quote is, the party may request authorization for further merit-seeking, such as a certify, to address the merits of any newly raised arguments or evidence. Doesn't that connote that the expectation is if it's just a new argument, you have the opportunity to ask for a certify? I think in the exchange in the record that we have, your counsel did jump up and say, hey, this is a new argument. But then, one, he responded to it. And, two, if you had more to say on it, why wouldn't the normal course be that you'd ask to submit new evidence, to file a certify? That's the way this stuff is supposed to work. This quote from the guidance suggests that there's nothing wrong with a new argument, but you have the chance to ask for a certify. So why is that not what happened? It could have allotted a lot of briefing for the appellate court if you had done that right. Well, Your Honor, this section here refers to a situation before certifies were the norm. And it refers to a situation where there's a new argument raised on reply, and then you could ask for a certify at that time before the hearing. This is a situation where the argument came up at the hearing. And under the Dell case, this court said that it is not necessary to request another paper when there's been a new argument raised at the hearing. In the Dell v. Acceleron case, precisely this situation took place. This very thing happened. Dell showed up and said, I've got an anticipation argument based on a portion of the prior art which had not been cited before for that purpose. Dell had cited to other portions of it. There was an objection on the record during the hearing, just as it was here, that this is a new argument. And this court, Judge Carranzo's opinion said that it is not necessary to seek another paper in order to be able to appeal this issue. And so what we've done is follow the same process which was considered appropriate in the Dell case. Now, there can't be any doubt here that what happened wasn't the submission of new, of cumulative evidence or the clarification of an argument. There's no question here that... Why isn't there some doubt about that? There shouldn't be any doubt about that, except there have been issues raised in the opposition brief. I mean, it all seems closely related, right, to what was being argued. It wasn't as though this was some new figure that was being brought up. The focus was on figures 43 and 44 and how to interpret them, right? That's right. And in the Dell case, it was all the same figure as well, and it was just different numbered features in the same figure. And here, there's discussion... I think it's that something new was brought up. It was a new issue based on something that had not been focused on before, whereas the figures 43 and 44 were the focus of everything going on here. And the spec language was presumably in front of everybody there to read, which includes the May language. That's right. And it was in front of Samsung when it filed its reply. And in its reply, it didn't focus on this daisy chain of Mays or possibilities. It took the position that these features were not in the figures. What did their... You say your witness didn't testify that figure 44 was a Cobb structure. What did their witness say about figure 44? Their witness said that there is no shading in the figure, as shown in other figures which have comb structures. No, it's not a comb structure. And therefore, a person with ordinary skill in the art would understand that the embodiment doesn't have a comb structure. So that testimony is unrebutted? Oh, it's rebutted. Our witness said that in order for the embodiment of figure 44 to function properly, it must use a comb structure. And what's your witness say to that? I'm sorry? At appendix 2203. 2203. Paragraph 102. The DMRS is... Wait a second. Yes. Which paragraph? 102. 102. The DMRS, which are the subcarriers that carry the information that makes the symbol a comb structure, he writes, the DMRS is required in clock. As I explained above, the DMRS helps to enhance signal quality by providing a known reference signal to assist the receiver in distinguishing the desired signal from noise and interference. There's not any dispute in the record that our witness... You're saying the DMRS is a reference to the comb structure? Yes. The DMRS is, if you look on the prior page in the appendix, which is 2189, you see that figure 38 of clock has DMRS and data. And therefore, this is a comb structure. It kind of looks like a comb, I assume. But it doesn't focus on figure 44 in particular, right? Well, he says it's required in clock, which is the eventual clock. No, I'm correct. He doesn't focus on figure 44. He doesn't specifically say figure 44 is a comb structure. Well, he's discussing a limitation of the claim that DMRS is supporting the figure 44. He doesn't say specifically that figure 44 is a comb structure, right? He doesn't? Not in that paragraph, he doesn't. Or any other paragraph. Well, I don't. I could take a look and see. Mr. Amorakis, let me ask you, just hold on one second. Right? There's no other paragraph where he says that. He doesn't mention figure 44. But when he says it's required in clock, clock is the reference. Therefore, it is required in the reference in order for the reference to function. You've directed our attention to, I guess, Dr. Appel's testimony. But then when you look at the testimony of Dr. Ding, I guess it's Appendix 203 to 204 in paragraphs 16 and 17, planning what you say about the testimony you just directed it to, and then looking at Dr. Ding's testimony, the word was certainly free, was it not, to credit and favor the testimony of Dr. Ding. And that's just, I'm not going to call it credibility. Well, it was a credibility determination in a sense. The court was free to make a finding on whether or not a comb structure is present. But it didn't get there. And rather than take on the thorny issue and deal with the evidence on both sides of that issue, it just decided, well, there's no comb structure here based on this new argument. I need not reach the technical aspects of what's required in a comb structure. And it certainly had before it Dr. Ding's statements. It certainly had the whole record before it, Your Honor, but it didn't address it. It cut off that issue and instead decided that there's no comb structure present based on the new argument raised for the first time at the hearing. That's the issue here. Can I follow up on that? Because in Gray, the first page of Gray, you twice say that this oral argument argument was the sole basis for the disposition. You say it twice. I mean, I've read these pages several times. The operative discussion is at 32 and 33. And the only thing that comes up that could be relevant to what you're saying is the very last kind of last paragraph on 33 of this discussion. It's, we also find, and it doesn't cite to the oral. I don't think it cites to the testimony. It cites to the spec. Correct. So I'm not seeing how you can fairly read these two pages in the analysis preceding by paragraphs that say Patten, Petitioner correctly does this and. . . Yeah, but it's recognizing 32, Petitioner correctly notes that nothing in this description or in the clock establishes figure 44 as a comb structure. And he cites to stuff in the record. So I'm not clear how you can derive from this analysis that the sole basis. You say it twice. We lie solely. The sole basis. Yes, Your Honor. I believe that's correct, and let me explain why. The Board made two findings with respect to limitation 1C. The first finding began at the bottom of page 32. It says, applying the end transmission term construction from section 3B1 above, we find that. . . as close as the end transmission term. That's finding one that's not relevant. The next finding. . . What about the paragraph before that? Well, if I could just get. . . I promise I will deal with that. The next paragraph says, we also find. . . So here's the second finding of. . . on 1C, that figure 44 may be a comb structure, but is not necessarily one. Now, you noted, Your Honor, correctly, the only thing cited here is the specification. Well, of course, the Board didn't cite the argument. The argument was improper. It was late. So, no, that's not cited. And the Board doesn't cite any of the papers either. The Board doesn't say, well, we like Samsung's argument in its papers, and cite that those arguments support this finding. And the reason is they don't. Nothing in Samsung's papers supported this finding. Now, Your Honor, these things are, these findings by the Board are perfectly consistent. They say, Petitioner correctly notes that nothing in the description of clock establishes figure 44 as a comb structure. And you have to accept that, that they made a finding that figure 44 does not disclose a comb structure. It's the main language in the specification that suggests that 44 could be used together with a comb structure. And that's the burden of what they found in Appendix 33. So I don't see those as being inconsistent. I think they're saying 44 is not a comb structure, but the language in the specs says it could be. That's right. And so it's not correct. If you changed it, you could make it into a comb structure. Your Honors, this language regarding the finding here is repeating the language that Samsung had in its papers. When it took the position that figure 44 is never a comb structure, when it took the position that nothing describes figure 43 as a comb structure, they are citing and they are summarizing the factual arguments that were made, and they do say that it is correct that nothing discloses that figure 44 is a comb structure. The finding that figure 44 on the next page may be a comb structure contradicts that finding. That's what you say. I'm not sure that's true because they can be reconciled the way I articulated a moment ago. I don't believe that that's a reconciliation, Your Honor. The board used the figure and the embodiment interchangeably. It didn't distinguish whether there's an embodiment of figure 44 and there's a figure that describes it. It used them as if the figure and the description are wrong. And the language in Samsung's argument that is summarized here excluded the language that they admitted at the hearing, which is that figure 43 may include the comb structure of figure 38. They argued in their papers that nothing establishes that figure 43 is a comb structure and that the patent owner merely presumed it. This was their position. They actually ignored the sentence in the specification that showed that figure 43 uses a comb structure of figure 38. So that was what was being quoted here. They showed it to the argument, and not only did they no longer say that figure 43 couldn't be a comb structure, he admitted in the argument that he's not disputing that anymore. He says in the argument, so he says on Appendix 564, line 8, so, Your Honor, figure 43, as it's shown, does show a comb structure. I'm not disputing that. After we argued in the papers. We're out of time. We'll give you two minutes, Your Honor. Thank you, Your Honor. Mr. Bonsal. Good afternoon, Your Honors. May it please the Court. G-Plus offered a single argument below, that there is no anticipation because Quach's figure 44 must be a comb structure. The Board rejected that argument, making factual findings grounded in the evidence presented to it. Substantial evidence supports those findings. Let me explain. Essentially what we're talking about here, this whole debate about the May language, that's right in the specification. It's talking about figure 44 and figure 43, right? Absolutely, Your Honor. And the passages that we're talking about here, Quach 74, 9 through 12, Quach column 73, those are passages that were cited by G-Plus in its patent owner's response, in its reply to the Board. The Board simply looked at those passages and said, G-Plus, we do not agree that figure 44 must be a comb structure. So, yes, this is simply an issue of substantial evidence, Your Honor. There is no APA violation here. What about the Dell case? Because your friend cites that repeatedly. So, Your Honor, Dell presents a very, very different factual scenario. It's a brand-new mapping that was at issue in Dell. Here the mapping has not changed. Samson's still relying on figure 44, which is precise, you know, for anticipation, which is what Samson relied upon in his petition. So Dell is not applicable. And then, Your Honor, I do want to address some of the testimony that was cited by the Board. So if we can look at Appendix Page 32 of the final decision, which is something the panel brought up. The Board, Your Honor, let me know when you're there, Appendix Page 32. The Board looked at the testimony of Samson's declarant, Dr. Ding, and citing that testimony, the Board said, Petitioner correctly notes that nothing in this description or in Qua establishes figure 44 as a constructure. That is a factual finding that's supported by substantial evidence, and that is the end of this case, Your Honor. I do want to quickly just make one more note. Actually, two more things. Judge, first. Well, you said your opposing counsel refers to 33 and says that contradicts that. No, Your Honor. It certainly does not contradict. So on 32, the Board is saying nothing in Qua establishes figure 44 as a constructure. And then simply on 33, the Board is saying yes, and you know that when you look at what Qua actually says that Qua uses me, and that implies that, again, nothing in Qua establishes 44 as a constructure. Those two findings are entirely consistent with each other because at bottom they are rejecting the argument that G-plus made below. G-plus said 44 must be a constructure. The Board is saying no. And, Your Honor, if there was this big issue about Samson saying something, you know, at the oral hearing that created this massive issue, it was incumbent upon G-plus to seek further authorization. The Board, in fact, here, soon as Sponte, after oral hearing, ordered supplemental briefing on claim construction. If they thought this issue was truly so novel, truly that, you know, it was a game changer, it was incumbent upon them to request supplemental briefing. They cannot now. Where was the supplemental briefing at that Board order? Your Honor, that was on a claim construction term. A different issue. A different issue. But it shows that this panel and that the Board's views allow for parties to resolve any issues such as the one that they're complaining about here. Unless Your Honors have any other questions for me or would like me to address any issues, I am happy to cede my time back to this Court. Okay. Thank you. Thank you. You have two minutes. Thank you, Your Honor. The first point I'd like to make, I think, is reiterating the point that the fact that we are discussing the text of the specification does not mean that if there was a new argument raised at a hearing that involves a specification that we should have known about it or that it otherwise is not new. There was never an argument regarding the May language until it took place at the hearing. Now, attempting to reconcile the arguments that were made below, which were allegedly approved by the Board and the Board's decision, is not possible. If we look at Appendix 415, we see where Samsung made the argument that Figure 43 does not include a cone structure. As you recall, at the hearing, Samsung agreed that it does show a cone structure. At Appendix 415, the bottom of the last paragraph, it says, Quark never states that the structure of Figure 43 is a cone structure. What's the point? I don't understand the point. We're talking about Figure 44 and what it shows. What's the point about Figure 43? Because Figure 44 may include the structure of Figure 43, and the point when we accept that Figure 43 shows a cone structure, we still have the same argument. The argument is simply that Samsung changed its argument at the hearing without notice and without an opportunity for us to respond meaningfully. That is a due process APA violation, and we should be entitled to revisit whether there is even a single anticipating embodiment in Samsung's petition, given that Samsung has relied on similar May language all across different limitations. They have to show that there is a single embodiment in the specification arranged as the claims in order to have anticipation. They always took the position in their petition that May means that the limitation is present. Only at the hearing did they raise a question about whether a limitation is present if it's introduced by the May language. We should be entitled to that. Thank you.